## Jonathan E. White *et ux. versus* Judah Loring.

A conveyance of land may be presumed from long possession and other circumstances.
The declarations of a deceased tenant in common of land, that he had made a ver-
bal division with his cotenant, and subsequently, that he had received from his co-
tenant a deed of division, were *held* to be admissible in evidence against his heirs,
in support of the presumption that he gave a corresponding deed to his cotenant.

Writ of right, to recover certain land in Braintree, alleged
to have descended to Sarah White, the wife of Jonathan,
from her father, Samuel Arnold junior. Both parties claimed
under Samuel Arnold senior, the father of Samuel Arnold
junior.

At the trial, before *Putnam* J., it appeared, that one Lov
ell conveyed to Arnold, the father, a lot of land, called the
Point, containing about eleven acres, and that the son paid
one half of the purchase money ; and that on the 19th of
May, 1803, the father conveyed to the son an undivided moi-
ety of the lot, of which the demanded premises are a part.
Soon afterward a turnpike road was laid out through the lot,
and the demanded premises are an undivided tenth of the
portion which fell on the westerly side of the road. About
the time of the conveyance from the father to the son, they
made a verbal agreement to divide the lot, and that the father
should have the land on the westerly side of the road, and the
son that on the easterly side.

The tenant proved that Arnold senior, on the 24th of Octo-
ber, 1803, by his deed of that date, duly acknowledged and
recorded, conveyed the demanded premises to Gideon L.
Thayer ; and it was admitted that the tenant had all the right
which vested in Thayer by virtue of that deed and of any
other deed proved to have been passed from Arnold junior
to Arnold senior.

On the 24th of October, 1804, about fourteen days before
his death, Arnold senior, by deed of quitclaim duly executed
and recorded, conveyed to the son the land on the easterly
side of the turnpike road.

The tenant admitted that the demandants were entitled to
the demanded premises, unless the elder Arnold, his heirs and

assigns, had acquired a legal title to the land on the westerly side of the turnpike road.

The tenant showed that careful search had been recently made in the registry of deeds, and among the papers of the elder Arnold, which had been in the custody of his widow and administratrix from the time of his decease till her death in 1822, for a deed from Arnold junior to his father, of the land on the westerly side of the road, but that no such deed could be found ; but they did not prove that any such deed had ever been made, unless from the following facts the jury would be warranted to infer it.

The tenant then offered to prove a number of circumstances tending to raise a presumption that such a deed had been executed and delivered. To this evidence the demandants objected, and they contended that no such evidence ought to be received, until some proof were offered that such a deed had actually been made and executed. The evidence, however, was admitted ; as also evidence of the declarations of Arnold junior respecting the matter ; which was also objected to by the demandants.

The tenant then proved, that Arnold junior declared, about the time of his father's death, that he had got his deed of the easterly side of the turnpike road, and that the matter was settled with his father, but did not say that he had given a deed ; but about a fortnight before his father died he told one Weston, that his father and himself had made a verbal division, and he was to have the eastern part and his father the western part ; that he had paid for his part, but had not received any deed from his father yet, and he did not like to ask his father for it, because his father was so ill it might alarm him ; that afterwards, just before or soon after the death of his father, he told Weston that the thing was settled. He said his father had given him a deed of division, and he did not have to ask him for it ; that his father told him, if he would call in Mr. Humphrey, he would give him a deed of division, or a deed, or a deed of exchange, as the witness understood, of the father's half part of the lot ; that Humphrey was called in and the deed given. The witness could not recollect the very words used, but he understood that the son

had one part, and the father the other part. Arnold junior said that the part which he had was the best, and most convenient for his business. The witness did not know that Arnold junior gave a deed to his father, but understood that he had got a deed or deeds of division.

The tenant also proved, that Arnold junior, after the death of his father, purchased some of the shares of the other heirs in the residue of the land on the westerly side of the turnpike road, and took deeds bounding northerly on land of Thayer; one of which, from James L. Arnold, was of one eighth of the premises; that the said residue of the land on the westerly side of the turnpike road was appraised as the property of Arnold the father, and that a part of it was set off as dower to his widow, and all in the presence of Arnold junior, who made no objection; that the house on that part of the land was leased by the administratrix of Arnold senior and the rent accounted for in the settlement of her account, which account was contested by Arnold junior, but not on that ground, and that Arnold junior knew it; and that Arnold junior, about seven years after the death of his father, became very poor and was maintained by his mother the last of his life, and died in 1816, deeply insolvent, but that none of his creditors, either in his lifetime or after his death, ever attached or made claim to this property.

The judge instructed the jury, that these facts and circumstances, so proved, if believed by the jury, would warrant them to presume that a deed of conveyance in due form had been made by Arnold junior to his father, of the land on the westerly side of the turnpike road; and they did so presume and accordingly returned a verdict for the tenant.

*Kingsbury*, for the demandants.

*Metcalf* and *Mann*, for the tenant.

MORTON J. delivered the judgment of the Court. Samuel Arnold and Samuel Arnold junior were once tenants in common of a tract of land, which was divided into two equal parts by the construction of a turnpike road through it. The easterly half Samuel Arnold conveyed by deed of quitclaim to Samuel Arnold junior, and a part of the westerly half he conveyed to Gideon L. Thayer, under whom the tenant claims, and

whose estate, it is agreed, he has.   No written evidence of any conveyance of the westerly part to Samuel Arnold being found, the heirs of Samuel Arnold junior claim an undivided moiety of it ; and the question is, whether the evidence in the case was competent and sufficient to warrant the finding of the jury in favor of the tenant.

Real estate can only be transferred by deeds duly executed, acknowledged, and recorded.   But the existence and contents of grants, records, and all other written documents, may be proved not only by parol, but by circumstantial evidence.   And a deed, or any other legal mode of conveyance, may be presumed from long possession and other circumstances, which can be accounted for only on the assumption of a conveyance. And notwithstanding the dictum in *Holyoke* v. *Haskins*, 5 Pick. 27, which, taken in connexion with the context, means no more than that a grant of land will not be presumed from a mere possession twenty years, it has repeatedly and recently been solemnly decided by this Court, that the presumption extends as well to corporeal, as incorporeal hereditaments. *Clark* v. *Faunce*, 4 Pick. 245 ; *Melvin* v. *Proprietors of Locks and Canals on Merrimack River*, 16 Pick. 137 ; *Same* v. *Same*, 17 Pick. 255 ; *Bolivar Manuf. Co.* v. *Neponset Manuf. Co.* 16 Pick. 241.

Were it necessary to support these adjudications, we might, in addition to the authorities cited in the cases themselves, refer to *Kingston-upon-Hull* v. *Horner*, Cowp. 102 ; *Fishar* v. *Prosser*, ibid. 217 ; *Hillary* v. *Waller*, 12 Ves. 264 ; *Van Dyck* v. *Van Beuren*, 1 Caines's R. 89 ; *Jackson* v. *McCall*, 10 Johns. R. 377 ; *Schauber* v. *Jackson*, 2 Wendell, 13 ; *Farrar* v. *Merrill*, 1 Greenleaf, 17 ; *Prevost* v. *Gratz*, 6 Wheaton, 481 ; *Ricard* v. *Williams*, 7 Wheaton, 109 ; *Bennett* v. *Neale*, Wightw. 341.

What effect, if any, our statutes of registry would have upon the operation of the doctrine of the presumption of conveyances, it is not necessary to consider, because an unrecorded deed is valid and effectual against the grantor and his heirs.   [See *Valentine* v. *Piper*, 22 Pick. 85.]

The evidence of the declarations of Samuel Arnold junior, was, in our opinion, admissible.   The declarations of the ten-

ant in possession, adverse to his own interest, are always competent *evidence against those claiming under him.* 1 Stark. Evid. 70 ; 1 Phil. Evid. (7th ed.) 258 ; *Peaceable* v. *Watson,* 4 Taunt. 16 ; *Perigal* v. *Nicholson,* Wightw. 63.

The evidence was abundantly sufficient to justify the jury in presuming a conveyance from Samuel Arnold junior to Samuel Arnold. The verbal agreement to divide ; the anxiety of Samuel Arnold junior to get the agreement executed by proper deeds ; his declaration, that his father had given a division deed and that the matter was settled ; the quitclaim by the father to the son of the easterly half, which is a usual and convenient mode of making partitions ; the purchase by the son, of shares in his father's estate, including the westerly half of this land , the taking a deed by him of a share bounded on Thayer, under whom the tenant claims ; the inventory of this westerly part as *the estate of the father ; the assignment of dower in it to the* widow ; the lease of the estate by the administratrix of the father's estate ; the credit to the estate, of the rent ; the objections to the account by the son, without notice of the item of rent ; his extreme poverty and dependence on the charitable assistance of his friends for support ; his utter insolvency for years before and at his death ; the knowledge of the son and his creditors of all these circumstances ; the entire omission of all of them to set up any claim to this estate, and the occupation and use of it for more than thirty years, exactly as it would have been occupied and used if conveyed to Samuel Arnold, form a combination of circumstances which irresistibly lead to the conclusion, and raise a violent presumption, that when the father executed a quitclaim deed to the son, of *the easterly half, the son executed a corresponding one to the* father, of the westerly half.

*Judgment on the verdict.*